UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KIMBERLY JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENTUCKY DEPARTMENT OF ) <br> EDUCATION, *et al.*, ) <br> ) <br> Defendants. ) | Civil No. 3:23-cv-00049-GFVT-MAS <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

This matter is before the Court on a motion for Preliminary Injunction. [R. 16.] In her Amended Complaint, Kimberly Johnson alleges that she received a letter notifying her that the Education Professional Standards Board (EPSB) was reviewing her professional conduct. [R. 12 at 4.] Johnson now asks the Court to enjoin the Kentucky Department of Education (KDE) and EPSB from conducting any meetings or proceedings in her EPSB case until further order by this Court. [R. 16-1 at 2.] Johnson argues that her participation in the hearing will unfairly subject her to questioning and jeopardize her litigation of the claims asserted in this action. [R. 16 at 1-2.] Because the Court must abstain from interfering with this important state proceeding, Johnson's request for a Preliminary Injunction [R. 16] is **DENIED**.

**I**

Dr. Kimberly Johnson, proceeding *pro se*, initiated this action on July 19, 2023, against several state government entities and persons associated with those entities in their official and

individual capacities.[1]  In her *pro se* Complaint, Johnson alleges, inter alia, that Defendants denied her the right to due process in violation of 42 U.S.C. § 1983, the Fourteenth Amendment, the Kentucky Constitution, and Kentucky law.  [R. 1.]  Johnson claims that Defendants retaliated against her after she reported discriminatory, unethical, and illegal actions taken by Defendants.  At the same time, she was employed as a school counselor in the Jefferson County Public School District.  In her Amended Complaint, Johnson alleges that she received a letter dated April 8, 2020, notifying her that the EPSB was reviewing her professional conduct.  [R. 12 at 4.]  On or around October 18, 2022, Johnson claims that her EPSB case was referred for an administrative hearing under KRS Chapter 13B.  [R. 12 at 6.]

Johnson now asks the Court to enjoin the KDE and EPSB from conducting any meetings or proceedings in her EPSB case until further order by this Court, particularly a hearing currently scheduled for September 29, 2023, before EPSB Hearing Officer James I. Howard [R. 16-1 at 2.]  According to Johnson, her pending EPSB case relates to the claims being adjudicated in this case.  [R. 16 at 2.]  Thus, Johnson argues, her participation in the hearing will unfairly subject her to questioning and jeopardize her litigation of the claims asserted in this action.  [R. 16 at 1-2.]

---

[1] The Kentucky Department of Education ("KDE"), Dr. Jason Glass individually and in his official capacity as Commissioner of Education ("Glass"), Todd Allen individually and in his official capacity as Kentucky Board of Education ("KBE") and Education Professional Standards Board ("EPSB") General Counsel ("Allen"), Cassie Trueblood individually and in her official capacity as KDE and EPSB counsel ("Trueblood"), Briana Listermann individually and in her official capacity as KDE and EPSB counsel ("Listermann"), Cody Hollan individually and in his official capacity as KDE and EPSB counsel ("Hollan"), the ESB, Justin Mitchel in his official capacity as Chairman of the EPSB ("Mitchel"), George Seay in his official capacity as EPSB Hearing Officer ("Seay"), Kelly Foster in her official capacity as former Associate Commissioner of Education ("Foster"), and Kevin Brown in his official capacity as former Interim Commissioner of Education ("Foster") (collectively, "Defendants").

## II

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held." *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016) (internal quotations omitted).

To obtain a preliminary injunction, the movant must show that (1) they have a strong likelihood of success on the merits, (2) they are likely to suffer irreparable harm if the injunction is not issued, (3) the balance of equities favors an injunction, and (4) an injunction furthers the public interest. *See Overstreet,* 305 F.3d at 573. However, the United States Supreme Court established an abstention doctrine prohibiting federal courts from enjoining state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* applies in only "three exceptional categories" of cases: (1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a state's interest in enforcing court orders and judgments. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

Additionally, administrative proceedings "that are judicial in nature" are considered "state-initiated civil proceedings" under the *Younger* abstention doctrine. *Conrad*, 2018 U.S. Dist. LEXIS 27736, at *11 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schools*, 477 U.S. 619, 627 (1986); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34 (1982); *Gibson v. Berryhill*, 411 U.S. 564, 576–77 (1973)). Thus, the three-factor test outlined in *Sprint* determines whether the abstention doctrine applies. Abstention is proper when:

3

(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims.

*Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017) (citing *Middlesex*, 457 U.S. at 432–34).

**A**

As a preliminary matter, EPSB is a state government agency, and its members are, therefore, state officials. *Creusere v. Weaver*, No. 07-5859, 2009 U.S. App. LEXIS 3135, at *14–15 (6th Cir. Jan. 26, 2009). The EPSB "was created by Kentucky statute and is an agency of Kentucky's state government, which exercises control over [EPSB] and provides its funding." *Id.* at *14 (citing Ky. Rev. Stat. Ann. § 161.028(1) ("[The Board is] an agency and instrumentality of the Commonwealth, in the performance of essential governmental functions.")).

Under Kentucky law, the EPSB and its members have several duties, including duties to "[e]stablish standards and requirements for obtaining and maintaining a teaching certificate" and "[i]ssue, renew, revoke, suspend, or refuse to issue or renew; impose probationary or supervisory conditions upon; issue a written reprimand or admonishment; or any combination of actions regarding any certificate[.]" Ky. Rev. Stat. Ann. § 161.028(a), (f). The EPSB, further, "may revoke, suspend, or refuse to issue or renew; impose probationary or supervisory conditions upon; issue a written reprimand or admonishment; or any combination of those actions regarding any certificate issued" pursuant to its power under the statute. *Id.* § 161.120(1). A certificate holder seeking to challenge the EPSB's decision may request a hearing, which is then governed by the provisions under KRS Chapter 13B. *Id.* § (4).

Under KRS 13B, the head of the EPSB—the Commissioner of Education—may delegate to a hearing officer the power to conduct administrative hearings before a hearing panel. *Id.* § 13B.030(1). The hearing officer is charged with presiding over administrative hearings to

4

"promote the orderly and prompt conduct," giving all parties the opportunity to file pleadings, motions, or objections. *Id.* § 13B.080(1)–(2). At the conclusion of the proceeding, the hearing officer prepares proposed findings of fact and conclusions of law for the head of the EPSB to review. *Id.* § 13B.080(2). After the Commissioner of Education enters a final order, the final order is subject to judicial review. *Id.* § 13B.140(1). Thus, the party appealing the EPSB final order may file an appeal in Franklin Circuit Court. *Id.* Upon entry of a final judgment in Franklin Circuit Court, the aggrieved party may then appeal to the Kentucky Court of Appeals. *Id.* § 13B.160.

**B**

Hearing Officer Howard entered an order scheduling a prehearing conference to occur on September 29, 2023. The express purpose of the meeting is "to determine the status of [the] matter and the appropriate action to take next[.]" [R. 20-1.] Johnson asks this Court to enjoin the Defendants from "conducting any meetings or proceedings" involving her EPSB case without further order of this Court due to her concerns that such meetings or proceedings (particularly the September 29, 2023, hearing) will "adversely impact her ability to receive a fair hearing" or infringe upon her constitutional rights. [R. 16 at 2.] Under the *Younger* abstention doctrine, this Court cannot enjoin Hearing Officer Howard or the EPSB from conducting the September 29th hearing based on the arguments set forth by Johnson in her motion.

First, there is undoubtedly a pending state proceeding, which was likewise pending when the Complaint was filed in this action. Under the first *Younger* factor, federal abstention is only required if there was a pending state court proceeding at the time the federal plaintiff initiated an action in federal court. *See Zalman v. Armstrong*, 802 F.2d 199, 202 (6th Cir. 1986) (citing *Younger*, 401 U.S. at 49). According to Johnson's Amended Complaint, the EPSB case appears

5

to have been ongoing as early as April 2020—nearly three years before Johnson initiated this action. [R. 12 at 4.] Furthermore, the mere existence of the September 29, 2023, hearing indicates that the EPSB action is still pending. On this factor, federal abstention is clearly appropriate.

Second, the pending EPSB proceedings implicate important state interests, which makes federal abstention applicable. *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (The Sixth Circuit has held that "[u]nder *Younger* abstention . . . a federal court must decline to interfere with pending state civil or criminal proceedings when important state interests are involved."). In determining the importance of a state's interest in the proceedings, "we do not look narrowly to its interest in the outcome of the particular case . . . what we look to is the importance of the generic proceedings to the State." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 365 (1989).

Kentucky generally has an interest in regulating the licensure and practice of its professionals. *Conrad*, 2018 U.S. Dist. LEXIS 27736, at *18. Further, deciding who is allowed to teach in schools is generally considered an important state interest. *Watkins v. Ohio Dep't of Educ.*, No. 2:21-CV-04482, 2022 WL 672565, at *5 (S.D. Ohio Mar. 7, 2022). Johnson's pending EPSB proceeding directly implicates not only a state interest in regulating professional licensure in Kentucky but, importantly, the licensure of educators in Kentucky schools. Thus, this factor likewise weighs in favor of federal abstention.

Finally, the pending EPSB proceedings will provide Johnson with an adequate opportunity to raise her constitutional claims. Specifically, at the conclusion of the EPSB proceeding, Kentucky statutes provide that she can appeal the administrative decision to Franklin Circuit Court. The scope of the review is limited to the administrative record "unless there is

fraud or misconduct involving" the EPSB. Ky. Rev. Stat. § 13B.150(1). Constitutional challenges to the EPSB's final order, moreover, are permitted as allowed by Ky. Rev. Stat. § 452.005. Johnson can further appeal the Circuit Court's judgment to the Kentucky Court of Appeals.

Under Kentucky's statutory scheme, Johnson has ample opportunity to raise constitutional claims or issues at some point during the state court proceeding, which is all that *Younger* requires. *Watts v. Burkhart*, 854 F.2d 839, 848 (6th Cir. 1988) (holding that a state agency's refusal to consider constitutional claims did not preclude *Younger* abstention where the constitutional claims could be presented on review in state court). Given that Johnson is entitled to review by the state courts following any unfavorable decision by the EPSB, federal abstention is proper.

### III

Accordingly, and the Court being sufficiently advised, Kimberly Johnson's Motion for Preliminary Injunction **[R. 16]** is **DENIED**.

This the 28th day of September, 2023.

Gregory F. Van Tatenhove
United States District Judge