UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KIMBERLY JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>KENTUCKY DEPARTMENT OF )<br>EDUCATION, *et al.*, )<br>)<br>Defendants. ) | Case No. 3:23-cv-00049-GFVT-MAS<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Plaintiff's Motion for Default Judgment [R. 15] and Motion to Amend her Amended Complaint [R. 30]. The Defendants have also filed two Motions to Dismiss. [R. 17; R. 18.] In her Amended Complaint, Ms. Johnson asks this Court for compensatory and punitive damages, as well as declaratory and injunctive relief. [R. 12 at 11.] Because Ms. Johnson seeks federal interference with a pending state judicial proceeding, this Court **ABSTAINS**.

**I**

Johnson filed a complaint against the Kentucky Department of Education (KDE), as well as KDE officers in their official capacities, alleging due process violations.[1] [R. 1.] Johnson served as a teacher and school counselor in Jefferson County Public School. [R. 1 at 1.] In 2015, Johnson filed her first lawsuit against JCPS in state court for "failure to promote" and this lawsuit was eventually settled outside of court. *Id.* In 2019, Johnson filed a second lawsuit against JCPS in state court alleging "discrimination, retaliation, whistleblower retaliation, and hostile work environment." *Id.* at 2. In 2020, Johnson received a notice from

---

[1] These facts are taken from the Plaintiff's Amended Complaint. [R. 12.]

KDE detailing complaints filed against Johnson. *Id.* at 3. Although the second lawsuit was settled in 2022, the 2020 KDE administrative case proceeded. *Id.* at 6. Johnson's prior counsel and KDE's counsel created an agreed order for Johnson to sign to resolve the administrative proceedings. The agreed order allegedly required that Johnson admit to the accusations and required Johnson "to permanently surrender and/or face suspension of her professional licenses." *Id.* Johnson refused to sign and sought a Chapter 13B Hearing.[2] [R. 12 at 6.] Defendant Seay, who is a hearing officer with the Administrative Hearings Division of the Kentucky Office of the Attorney General, was assigned as the hearing officer for Johnson's 13B Hearing. [R. 12-7 at 15.] Johnson subsequently filed an affidavit requesting the disqualification of Defendant Seay on grounds of perceived bias. [R. 12-10 at 18.] Her request was denied, and this action followed. [R. 12 at 9.]

Johnson, proceeding *pro se*, filed her original Complaint on July 19, 2023. [R. 1.] Johnson then filed an Amended Complaint on September 5, 2023. [R. 12.] Johnson also filed a Motion for Preliminary Injunction, which this Court ultimately denied on *Younger* abstention grounds. [R. 23.] To date, there is no evidence in the record that a 13B Hearing has been held.[3] As such, the Defendants' Motions to Dismiss [R. 17; R. 18] face a similar fate because the state proceeding remains ongoing.

---

[2] A 13B hearing is an administrative hearing afforded to Ms. Johnson and the result of this hearing is immediately appealable to the Franklin Circuit Court. *See* Ky. Rev. Stat. Ann. §§ 13B.080; 13B.140. Unless an Agreed Order is signed, a 13B hearing is a requirement before an individual's license is revoked, suspended, or terminated. Ky. Rev. Stat. Ann. § 161.120(5)(a)(1).

[3] Based on the information provided in the record, the Court assumes that the most recent prehearing conference was scheduled for September 29, 2023, and it does not appear that Ms. Johnson attended the meeting. [R. 16-1 at 6.] As such, the Court will also assume that the requisite 13B Hearing has not taken place.

## II

Defendant George Seay filed a Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. [R. 17.] The KDE Defendants also filed a Motion to Dismiss. [R. 18.] KDE Defendants argue they are entitled to sovereign immunity in their official capacities and qualified immunity in their individual capacities. *Id.* at 18. At this juncture, the Court need not reach either Motion to Dismiss because *Younger v. Harris* applies. 401 U.S. 37 (1971). *Younger* abstention "represents the sort of 'threshold question' [that] may be resolved before addressing jurisdiction." *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) (internal citation omitted). Indeed, a court need not "decide whether the parties present an Article III case or controversy before abstaining under *Younger v. Harris*." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). The justification for this is straightforward: "'jurisdiction is vital only if the court proposes to issue a judgment on the merits.'" *Id.* (quoting *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)). For the reasons that follow—without addressing the questions of standing or immunity—this Court abstains.[4]

### A

*Younger* abstention "is a judicial creation born from the principles of equity, comity, and federalism." *Hill*, 878 F.3d at 204 (citing *Younger*, 401 U.S. at 44). Consistent with these broad aims, *Younger* "permits federal courts to withhold authorized jurisdiction in certain circumstances to avoid undue interference with state court proceedings." *Id.*

---

[4] Federal courts asked to enjoin a pending state court action may consider *Younger* abstention *sua sponte*, even if neither party raises the issue. *See Hill v. Snyder*, 878 F.3d 193, 206 n.3 (6th Cir. 2017) ("[F]ederal courts may raise abstention *sua sponte*[.]").

3

Courts assessing *Younger*'s applicability first determine whether there is a state proceeding of the sort contemplated by *Younger*. *See Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017). *Younger* principles extend to "(1) ongoing state criminal prosecutions, (2) ongoing state-initiated civil enforcement proceedings 'that are akin to criminal prosecutions,' and (3) ongoing state civil proceedings that involve the ability of courts to perform judicial functions." *Drs. Hosp. of Augusta, L.L.C. v. Kentucky*, No. 6:17-CV-00206-GFVT, 2018 WL 1748112, at *3 (E.D. Ky. Apr. 11, 2018) (internal citation omitted). Critically, "state-initiated civil [enforcement] proceedings" include "administrative proceedings that are judicial in nature." *Id.*; *see also Doe*, 860 F.3d at 369 ("In proceedings akin to a criminal prosecution, 'a state actor is routinely a party to the state proceeding and often initiates the action,' and the procedure is initiated to sanction the federal plaintiff.") (internal citation omitted). This is true "even if the case has not yet progressed to state-court at the time of federal review." *Drs. Hosp. of Augusta, L.L.C.*, 2018 WL 1748112, at *3; *see also Ohio C.R. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34 (1982); *Gibson v. Berryhill*, 411 U.S. 564, 576–77 (1973).

If the Court finds that a *Younger* proceeding is ongoing, it then considers the Supreme Court's *Middlesex* factors. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2013). *Middlesex* counsels against the exercise of federal jurisdiction when: (1) state proceedings are pending, (2) the proceedings implicate an important state interest, and (3) the state proceedings afford an adequate opportunity to raise constitutional issues. *Middlesex*, 457 U.S. at 432. When these factors are present, federal courts should abstain unless there are "exceptional circumstances[.]" *Id.* at 437.

**B**

Abstention is appropriate here. First, the Court finds an ongoing proceeding of the sort contemplated by *Younger*. Ms. Johnson's proceeding is a state initiated civil enforcement proceeding akin to a criminal prosecution. *See Jacobs*, 571 U.S. at 79 ("In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action."). The Board initiates investigations, proceedings, and hearings for the purpose of determining whether to revoke or suspend a teaching license. Ky. Rev. Stat. Ann. § 13B (West 2024) (setting procedural requirements for administrative hearings in Kentucky). "All Final Orders [of the Board] are appealable to Franklin Circuit Court[.]" § 13B.140 (providing for judicial review of administrative hearings); Ky. Rev. Stat. Ann. § 161.120(12) (West 2024) (explaining that Final Orders of the Board may be appealed to Circuit Court). Administrative hearing testimony is given under oath. § 13B.090. Certain evidentiary rules apply, and the Board bears the burden of proof. § 13B.090. If the case goes to a hearing, Ms. Johnson can call witnesses, be represented by counsel, cross-examine the Board's witnesses, and present evidence. § 13B.080. Based on this procedural framework, Ms. Johnson's administrative process suffices as an adjudicative proceeding of the sort embraced by *Younger*. *See Doe*, 860 F.3d at 370 ("[Plaintiff] can call witnesses, have an attorney present, submit questions for cross-examination, and present evidence. Although the hearing failed to include every element of due process in a criminal prosecution, it is still adjudicative in nature."); *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432–34 (state bar disciplinary proceedings constitute an "ongoing state judicial proceeding"); *see also id.* (analyzing state statutes to determine whether the state bar's disciplinary proceedings were "judicial in nature").

5

**1**

Having answered this threshold question in the affirmative, the Court next considers the *Middlesex* factors. The first factor counsels in favor of abstention because a proceeding is pending. "*Younger* is inextricably bound up with beginnings." *Hill*, 878 F.3d at 205. Indeed, "[t]he first condition for the application of *Younger* abstention is that the state proceeding must be pending on the day the plaintiff sues in federal court—the so-called 'day-of-filing' rule." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013) (internal citation omitted). "For *Younger* abstention purposes, state law controls the determination of when the state proceedings began." *James v. Hampton*, 513 F. App'x 471, 474 (6th Cir. 2013).

Thus, a review of Kentucky law is instructive. The Board's process is as follows: first, the school superintendent files with the Board a written report or complaint detailing the educator's misconduct. Ky. Rev. Stat. Ann. § 161.120(2)(a). The Board then provides the allegedly offending educator with a copy of the complaint. § 161.120(2)(d). The educator has the right to file a written rebuttal with the Board. § 161.120(2)(d). The Board determines whether it finds sufficient evidence that the educator may have committed a violation. § 161.120(4). "If the report or complaint contains sufficient credible evidence that a violation [] may have occurred, staff will open a case file and assign that file a number." *Procedures Relating to EPSB Action on an Educator's Certification*, Education Professional Standards Board (Dec. 12, 2021), http://www.epsb.ky.gov/mod/page/view.php?id=500. The Board reviews the complaints during a closed meeting. *Id.* "The [Board] may take action upon confirmation that a quorum exists." *Id.* That action includes, *inter alia*, proceeding to a hearing or referring the matter to an attorney for review and investigation. *Id.* But any action

taken must be agreed upon by a majority vote.  *Id.*  At any time during the process, the Board can "enter into an agreed order" with the educator to resolve the action.  § 161.120(8).

Here, the Superintendent filed a complaint with the Board.  [R. 12 at 4.]  The Board provided notice to Ms. Johnson.  *Id.*  The Board reviewed the complaint and found sufficient evidence of a violation.  *Id.*  Accordingly, it opened a case file and assigned the case file a number.  *Id.* at 5.  The Board reviewed the matter at its closed meeting in June 2020.  *Id.* at 4.  Finding evidence of a violation, the Board referred the matter to its attorney.  *Id.*  The attorney then offered Ms. Johnson the Board's "final offer," consisting of suspension, probation, and training.  *Id.* at 6.

This degree of progression is sufficient to render the proceeding "pending" within the parameters of *Younger*.  The Board's procedures indicate that a complaint triggers the beginning of the disciplinary process.  Moreover, it stands to reason that a disciplinary proceeding commences when a complaint is filed.  Although the Court is unable to find a Kentucky Supreme Court decision on point, this notion accords with the wisdom of the Sixth Circuit and other federal district courts.  *See O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (analyzing Ohio law); *Ziel v. Romeo Cmty. Schs.*, No. 21-11929, 2021 WL 4125326, at *3 (E.D. Mich. Sept. 9, 2021) (Michigan's teacher disciplinary process commences when a formal "charge" is filed with the Board).  Because the Superintendent filed a complaint with the Board before Ms. Johnson filed her federal action, the administrative proceeding is "pending" for *Younger* purposes.

But even assuming a superintendent's complaint does not commence an action, an action surely begins when the Board opens a case file and assigns the case a number.  That has also occurred here.  Accordingly, the Court finds that the disciplinary proceeding was

7

pending within the meaning of *Younger* when Ms. Johnson filed her federal Complaint. *See Moncier v. Jones*, 803 F. Supp. 2d 815, 833 (E.D. Tenn. 2011) ("If the state proceeding was pending at the time of the filing, then the matter is "ongoing" for purposes of *Younger* abstention."). Accordingly, the first *Middlesex* factor militates in favor of abstention.

### 2

Same result under the second factor. The administrative proceeding implicates important state interests. The Commonwealth has an interest in regulating the licensure and practice of its professionals. *Conrad v. Bevin*, No. 3:17-cv-00056, 2018 WL 988071, at *18 (E.D. Ky. Feb. 16, 2018). Further, deciding who is allowed to teach in schools is generally considered an important state interest. *Watkins v. Ohio Dep't of Educ.*, No. 2:21-CV-04482, 2022 WL 672565, at *5 (S.D. Ohio Mar. 7, 2022). Johnson's pending EPSB proceeding directly implicates not only a state interest in regulating professional licensure in Kentucky but, importantly, the licensure of educators in Kentucky schools. Accordingly, the first two *Middlesex* factors counsel against the exercise of federal jurisdiction.

### 3

As does the third. Ms. Johnson has adequate opportunity to challenge the proceeding on Constitutional grounds. All Final Orders by the Board are susceptible to judicial review in Franklin Circuit Court. Ky. Rev. Stat. Ann. § 13B (West 2024); Ky. Rev. Stat. Ann. § 161.120(12) (West 2024). And Ms. Johnson does not provide any authority to indicate that the Circuit Court could not hear her Constitutional challenge. Thus, "it appears that [Ms. Johnson] will be provided a full and fair opportunity to litigate [her] constitutional claims in the course of the state proceedings." *Watts v. Burkhart*, 854 F.2d 839, 847–48 (6th Cir. 1988). Even assuming she does not have to opportunity to raise her Constitutional claims in

8

the administrative proceeding, "[t]his fact alone does not [] establish that [Ms. Johnson] will be deprived of an opportunity to present [her] [C]onstitutional claims." *Id.* at 848. Indeed, "it is sufficient . . . that [C]onstitutional claims may be raised in state-court judicial review of the administrative proceeding." *Dayton Christian Schs., Inc.*, 477 U.S. at 629; *see also Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431 ("Minimal respect for the state processes [] precludes any *presumption* that the state courts will not safeguard federal [C]onstitutional rights.") (emphasis in original).

The *Middlesex* analysis therefore militates in favor of *Younger* abstention. This conclusion does not change just because the Board has not filed formal charges or issued a revocation. *Younger* principles can still apply even before a formal revocation hearing takes place. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). Having found that *Younger* applies, the Court will abstain from exercising jurisdiction over this action. As such, the disciplinary hearing will proceed at the state level. Once the hearing is complete, Ms. Johnson may continue with her federal claims, if she so chooses.

With respect to the pending Motions to Dismiss, and because the Court finds abstention is proper, it does not reach the merits of any of the Plaintiff's claims. Thus, because the state court proceeding has the potential to affect arguments and merits of the Plaintiff's federal claims, the Court must dismiss the Defendants' Motions to Dismiss without prejudice to be refiled at the conclusion of the state proceeding.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Court **ABSTAINS**;

2. This action is **STAYED** pending resolution of the state proceeding;[5]

3. The Defendant's Motion to Dismiss **[R. 17]** is **DENIED WITHOUT PREJUDICE**; and

4. The Defendant's Motion to Dismiss **[R. 18]** is **DENIED WITHOUT PREJUDICE**;

This 18th day of June, 2024.

Gregory F. Van Tatenhove
United States District Judge

---

[5] Because Ms. Johnson seeks monetary damages, a stay is the appropriate disposition. *Doe v. University of Kentucky*, 860 F.3d 365, 372 (6th Cir. 2017) ("[W]e have consistently held that if a court abstains under *Younger*, it should stay any claim for damages rather than evaluate the merits and dismiss the case.").