UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-00049-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KENTUCKY DEPARTMENT OF | ) | **&** |
| EDUCATION, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | | |

*** *** *** ***

The present motion concerns Dr. Kimberly Johnson's latest request for this Court to interfere with state administrative proceedings. This request takes the form of a Motion for Temporary Restraining Order. [R. 56.] Because Dr. Johnson has not demonstrated that a temporary restraining order will remedy her alleged immediate and irreparable harm, the Plaintiff's request for a temporary restraining order is **DENIED**.

Along with the request for a temporary restraining order, the Plaintiff contemporaneously filed a Motion for Preliminary Injunction and a Motion to Lift the Stay in this action. [R. 58; R. 59.] However, the Court will continue consideration of these requests until the Defendant has had notice and an opportunity to respond.

**I**

As the Court has previously discussed the protracted, multi-forum litigation between Dr. Kimberly Johnson and various state government entities and persons associated with those entities, the Court herein provides only the facts relevant to the instant motion. Dr. Kimberly Johnson, proceeding *pro se*, initiated this action on July 19, 2023, against several state government entities and persons associated with those entities in their official and individual

capacities. [R. 1.]  In her *pro se* Complaint, Johnson alleged, *inter alia*, that Defendants denied her the right to due process in violation of 42 U.S.C. § 1983, the Fourteenth Amendment, the Kentucky Constitution, and Kentucky law.  *Id.*  Johnson claimed that Defendants retaliated against her after she reported discriminatory, unethical, and illegal actions taken by Defendants.  *Id.*  At the time of these alleged events, she was employed as a school counselor in the Jefferson County Public School District.  *Id.*

In her Amended Complaint, Johnson alleged that she received a letter dated April 8, 2020, notifying her that the Education Professional Standards Board had initiated a review of her professional conduct.  [R. 12 at 4.]  On or around October 18, 2022, Johnson claims that her EPSB case was referred for an administrative hearing under KRS Chapter 13B.  *Id.* at 6. Initially, Defendant George Seay was the Hearing Officer designated to hear Dr. Johnson's administrative case.  [R. 1 at 7.]  However, after Dr. Johnson filed this federal lawsuit which named Mr. Seay as a Defendant, Mr. Seay transferred the case to Jim Howard to conduct the hearing.  [R. 53; R. 54.]

Prior to Dr. Johnson's 13B Hearing, Hearing Officer Howard entered an order scheduling a prehearing conference to occur on September 29, 2023.  Two weeks prior to the conference, Johnson filed her first motion for preliminary injunction, asking this Court to enjoin the Kentucky Department of Education and EPSB from conducting any meetings or proceedings in her case until further order by the Court.  [R. 16.]  Johnson chiefly argued that her participation in the hearing would unfairly subject her to questioning and jeopardize her litigation of claims asserted in this action.  [R. 16-1 at 1-2.]  The Court denied her request, finding that Supreme Court precedent, specifically *Younger* abstention, counseled against federal courts enjoining state court proceedings.  [R. 23.]

2

Then, the Defendants moved to dismiss Dr. Johnson's Amended Complaint, and Dr. Johnson moved for Default Judgment, presumably not realizing that a motion to dismiss functions as a responsive pleading under the Federal Rules of Civil Procedure.  [R. 15; R. 17; R. 18.]  In addressing these motions, this Court found that because Dr. Johnson seeks federal interference with a pending state administrative proceeding, abstention was appropriate.  [R. 38.]  The Court accordingly stayed this action pending resolution of the state administrative proceeding.  *Id.*  Dr. Johnson appealed this decision, and the Sixth Circuit dismissed her appeal for lack of jurisdiction.  [R. 39; R. 40.]  As such, this action has remained stayed since June 18, 2024.  [R. 38.]

On August 27, 2025, while the state administrative proceedings were still underway, Dr. Johnson filed her first motion to lift the stay, citing conflicts of interest in the proceedings that she claimed amounted to "bad faith."  [R. 42.]  The Court denied her motion, finding that Dr. Johnson's conclusory statements of bias were insufficient to warrant intervention.  [R. 45.]  The Court further directed the parties to file a joint status report detailing the progress of the state administrative proceedings.  *Id.*  The parties filed separate reports that both generally indicated that the proceedings were progressing, and the parties anticipated a final order from the EPSB by April 8, 2026.  [R. 46; R. 47.]

On April 17, 2026, the United States Magistrate Judge assigned to this case, Judge Stinnett, directed the parties to file a joint status report detailing the progress or outcome of the administrative proceedings.  [R. 50.]  The parties complied with this Order and filed a joint status report on April 29, 2026.  [R. 52.]  This status report indicated that on March 16, 2026, Dr. Johnson filed a petition for writ of mandamus in Franklin Circuit Court against Hearing Officer Jim Howard, asserting that the Hearing Officer's recommended order was

delinquent and requested that the Franklin Circuit Court compel the Hearing Officer to issue his recommended order. *Id.* at 2. The parties further indicated that the Hearing Officer issued his recommended order on April 13, 2026, recommending that Dr. Johnson's counseling and administrator certificates be revoked but that no action be taken against her teaching certificate. *Id.*

The report noted that both parties filed exceptions to the recommended order on April 28, 2026, and anticipated that the EPSB will review the exceptions and the record before issuing a Final Order within ninety days from April 28, 2026. *Id.* Thus, the parties expect that a Final Order will be issued by July 28, 2026, marking the end of the parties' state administrative proceedings. *Id.* However, Dr. Johnson's petition for writ of mandamus will remain pending in the Franklin Circuit Court. *Id.*

On June 1, 2026, Dr. Johnson filed a "Notice of Correction to the Joint Status Report." [R. 53.] Therein, Dr. Jonhson lodged several accusations regarding the April 29 status report, claiming that the Defendants altered several facts, without her consent, in an apparent attempt to mislead this Court. *Id.* Chiefly, Dr. Johnson claims that a conflict of interest exists regarding Attorney Jesse Robbins' representation of the original hearing officer, George Seay, in this Court, and the current Hearing Officer, Jim Howard, in Franklin Circuit Court. *Id.* On June 1, 2026, the Defendants filed another status report in response to these allegations and provided exhibits which indicate that Dr. Johnson agreed to the April 29 status report prior to its filing. [R. 54.] In addressing the alleged conflict of interest, the Defendants noted that Mr. Howard and Mr. Seay are both employees of the Office of the Kentucky Attorney General, as is Attorney Robbins, and expressed confusion as to the alleged conflict. *Id.*

On June 8, 2026, Dr. Johnson filed a Response to the Defendants' status report, claiming that at the time she agreed to the status report, she was unaware of the conflict because it had not yet fully manifested. [R. 55.] Dr. Johnson also noted that she planned to file another motion to lift the stay in this Court. *Id.* at 5-6. True to her word, on June 10, 2026, Dr. Johnson filed a motion to lift the stay in this matter, alongside a motion for preliminary injunction and a motion for a temporary restraining order. [R. 56; R. 57; R. 58.]

As noted above, the Court only addresses Dr. Johnson's temporary restraining order request in this Order. In Dr. Johnson's Motion for Temporary Restraining Order, she requests that the Court enjoin the EPSB from "issuing, entering, enforcing, or implementing any final order or professional sanction" against her, pending resolution of the contemporaneously filed Motion to Lift the Stay and Motion for Preliminary Injunction. [R. 56 at 1.] The Court addresses her request in turn.

## II

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders. "A temporary restraining order is an extraordinary remedy designed for the limited purpose of preserving the status quo pending further proceedings on the merits." *Stein v. Thomas*, 672 Fed. App'x 565, 572 (6th Cir. 2016). It is considered a rare and extraordinary remedy because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978). Further, the harm must be "so immediate" that relief is necessary before a preliminary injunction hearing can occur. *See Branch Banking and Trust Co. v. Jones*, 5:18-cv-610-JMH, 2018 WL

10772684, at *2 (E.D. Ky. Nov. 19, 2018) (citing *Erard v. Johnson*, 905 F. Supp. 2d 782, 791 (E.D. Mich. 2012)).

Rule 65 allows the Court to issue a TRO without notice to the other party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, Dr. Johnson has provided no certification of efforts made to give notice and the reasons why it should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B). Therefore, the Court may not issue a temporary restraining order without notice to the adverse party.

In addition, Dr. Johnson does not establish the Court's authority to enjoin the ESPB proceedings. As this Court has explained on multiple occasions in this matter, *Younger* abstention counsel federal courts to refrain from interfering with certain state proceedings absent extraordinary circumstances. *See O'Neill v. Coughlan*, 490 F. App'x 733, 737 (6th Cir. 2012). *Younger* applies when (1) there is an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Kingsley v. Brundige*, 513 F. App'x 492, 493 (6th Cir. 2013).

In ruling on Dr. Johnson's previous request for this Court to enjoin EPSB proceedings, the Court made several findings. [*See* R. 23.] First, the Court found that there was a pending state court proceeding at the time Dr. Johnson initiated her action in federal court and that the proceedings remained ongoing. *Id.* at 5. This finding remains the case to date. Next, the Court found that the ESPB proceedings implicate important state interests in regulating the

licensure and practice of its professionals, and pertinently, the licensure of educators in Kentucky schools. *Id.* at 6. Again, the Court sees no reason to depart from this finding.

Finally, the Court found that the pending EPSB proceedings will provide Dr. Johnson with an adequate opportunity to raise her constitutional claims. *Id.* at 6-7. This Court specifically noted that constitutional challenges to the EPSB's Final Order are expressly permitted by statute, and Dr. Johnson may further appeal the Circuit Court's judgment to the Kentucky Court of Appeals. *Id.* Thus, the Court found abstention proper. *Id.* Dr. Johnson's Motion provides no reason for this Court to depart from its prior holding.

Dr. Johnson has also failed to establish that she will suffer irreparable harm in the absence of a temporary restraining order. Irreparable harm is the most important prerequisite for injunctive relief. *See. Patio Enclosures, Inc. v. Herbst*, F. App'x 964, 969 (6th Cir. 2002). Dr. Johnson asserts that revocation of her licenses will "permanently destroy [her] 24-year career as a tenured educator before any reviewing court can untangle the legal impossibility." [R. 56 at 3-4.] While this alleged harm is necessarily speculative because the EPSB has not indicated that it intends to take such action, Dr. Johnson also fails to explain how this harm could not be remedied by a reviewing court subsequent to the decision.

Dr. Johnson also asserts that she will suffer irreparable harm because the "Defendants will weaponize *Rooker-Feldman* doctrine to argue that this Court lacks jurisdiction to review the constitutional violations that occurred during the proceeding." [R. 56 at 4.] Aside from being speculative, this argument misstates the law as "*Rooker-Feldman* does not bar a federal-court challenge to an individual's improper conduct during a prior state court proceeding." *Pittman v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 241 F. App'x 285, 288 (6th

Cir. 2007). As such, Dr. Johnson has not demonstrated that she will suffer irreparable harm in the absence of a temporary restraining order.

Furthermore, as a practical matter, granting Dr. Johnson's request for a temporary restraining order would not remedy her alleged irreparable harm. A temporary restraining order only remains in effect for fourteen (14) days, which expires unless the Court finds good cause to extend it or the opposing party consents to the extension.[1] Fed. R. Civ. P. 65(b)(2). Dr. Johnson asks the Court to enjoin the EPSB from entering a Final Order, but this may not occur in the next fourteen days. [R. 56 at 1.] By Dr. Johnson's own admission, the ESPB may issue the Final Order any time between present day and July 28, 2026. *Id.* at 2. Thus, any alleged harm that Dr. Johnson may suffer in the next fourteen days is purely speculative.

For starters, neither the Court nor Dr. Johnson know with any certainty whether the ESPB will take any adverse action against Dr. Johnson's licenses, within the next fourteen days or otherwise. The EPSB could very well conclude that no action be taken against any of Dr. Johnson's licenses. Consequently, any opinion the Court could issue at current would be purely advisory. Further, even if the Court granted Dr. Johnson's request for a temporary restraining order, it would expire well in advance of July 28, 2026, and the EPSB would then be free to take action against Dr. Johnson's licenses after the expiration of the temporary restraining order. Thus, unable to remedy Dr. Johnson's alleged injuries, the Court must deny her request for a temporary restraining order.

---

[1] Dr. Johnson asserts that the Court should preemptively find good cause to extend the temporary restraining order on the grounds that she leaves for a vacation on June 24, 2026, and will not return until July 10, 2026. [R. 56 at 4-5.] The Court is aware of no authority, and Dr. Johnson provides none, that indicates such a reason constitutes good cause to extend a temporary restraining order.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that

Plaintiff Dr. Kimberly Johnson's Motion for a Temporary Restraining Order **[R. 56]** is

**DENIED.**  The Court will consider Dr. Johnson's Motion for Preliminary Injunction [R. 57]

and Motion to Lift the Stay [R. 59] in due course, once those motions have been fully briefed.


This the 12th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge