UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:23-cv-00049-GFVT-MAS |
| v. | ) ) | |
| KENTUCKY DEPARTMENT OF EDUCATION, *et al.*, | ) ) ) | **MEMORANDUM OPINION** **&** **ORDER** |
| Defendants. | ) ) ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Plaintiff's Motion for Reconsideration of the Court's prior Order denying her Motion for Temporary Restraining Order. [R. 60; R. 61.] Because the Plaintiff does not present grounds that warrant a departure from the Court's prior Order, her Motion will be **DENIED**. **[R. 61.]**

**I**

On June 10, 2026, Plaintiff Dr. Kimberly Johnson filed a Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and a Motion to Lift the Stay that has been imposed in this case since June 18, 2024, pursuant to *Younger* abstention[1]. [R. 56; R. 58; R. 59.] In her Motion for Temporary Restraining Order, Dr. Johnson asked the Court to enjoin the Education Professional Standards Board from "issuing, entering, enforcing, or implementing any final order or professional sanction" against her. [R. 56.] The Court denied her Motion for

---

[1] A more complete recitation of the factual predicate and procedural history in this matter is contained in this Court's prior Memorandum Opinion and Order Denying the Motion for Temporary Restraining Order. [R. 60 at 1-5.]

Temporary Restraining Order, finding that Dr. Johnson had alleged only speculative harm and had not demonstrated that a temporary restraining order would remedy any immediate and irreparable harm.  [R. 60.]

In that Order, while discussing the procedural history of this case, the Court noted that the parties indicated in their recent joint status report that the Hearing Officer had issued his recommended order on April 13, 2026.  [R. 60 at 4 (citing R. 52).]  The Court further noted that the parties indicated that the Hearing Officer had recommended that Dr. Johnson's counseling and administrator certificates be revoked but that no action be taken against her teaching certificate.  *Id.*  Dr. Johnson now moves the Court for "partial" reconsideration of this Order to correct "a critical error of fact and law embedded in the Court's reasoning regarding irreparable harm."  [R. 61 at 1-2.]  The Court will address her contentions in turn.

## II

Dr. Johnson moves the Court to reconsider its prior Order pursuant to Federal Rule of Civil Procedure 59(e) and 60(b)(1).  [R. 61 at 1.]  Notably, Dr. Johnson explicitly "does not seek to relitigate the ultimate denial of the TRO."  *Id.* at 2.  Dr. Johnson solely requests that the Court correct what she contends is a "critical error of fact and law embedded in the Court's reasoning regarding irreparable harm."  *Id.*  Dr. Johnson further avers that if this error is left uncorrected, consideration of her Motion for Preliminary Injunction will be "fatally prejudiced."  *Id.*

A district court has the authority to grant relief from a judgment or order under Federal Rules of Civil Procedure 59(e) and 60(b).  Beginning with Rule 59(e), this Rule allows a litigant to file a motion to alter or amend a *judgment* of a district court where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice.  *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

The Rules further define a "judgment" to mean "any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  Because the Order which Dr. Johnson seeks reconsideration is an interlocutory, non-appealable order, Rule 59(e) does not provide a mechanism for relief.  *Wong-Opasi v. Haynes*, 8 F. App'x 340, 342 (6th Cir. 2001) ("The denial of a motion for a temporary restraining order is not appealable."); *see also Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 572 (6th Cir. 2002) (same).

Turning next to Rule 60(b), Dr. Johnson specifically moves for relief under Rule 60(b)(1) which allows the Court to set aside an order if the movant demonstrates "mistake, inadvertence surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The Supreme Court has read the "mistake" provision broadly to cover both legal and factual errors, as well as errors made by both parties and judges alike.  *See Kemp v. United States*, 596 U.S. 528, 535-37 (2022).  As Dr. Johnson asserts a legal and factual error attributable to the Court, Rule 60(b)(1) is the proper mechanism for her requested relief.

Essentially, Dr. Johnson asserts that the Court erroneously stated that the Hearing Officer recommended that Dr. Johnson's counselor and administrator certificates be revoked but that no action be taken against her teaching certificate.  [R. 61 at 2 (citing R. 60 at 4).]  Dr. Johnson devotes several pages of her Motion for Reconsideration to contending that under Kentucky law, there is no separate counseling certificate to revoke, nor a separate teaching certificate to protect because Kentucky educators hold a single professional certificate.  [R. 61 at 2.]  Thus, Dr. Johnson asserts that any disciplinary action taken against this single certificate will revoke the entire certificate.  *Id.*

The Court need not determine the merits of these contentions for two main reasons.  First, whether the certificate is divisible or not had no bearing on this Court's reasoning in its prior

Order.  The Court denied Dr. Johnson's Motion for Temporary Restraining Order because: (1) *Younger* abstention counsels against federal courts interfering with the state administrative hearing, (2) the harm alleged by Dr. Johnson is purely speculative because the EPSB has not entered its final order, (3) Dr. Johnson did not demonstrate that any alleged harm would be irreparable, that is, could not be fully remedied by a reviewing court, and (4) the EPSB may not issue its final order within the next fourteen days, so the temporary restraining order would not remedy Dr. Johnson's alleged harm.  [*See* R. 60 at 6-8.]  None of these findings analyzed, relied upon, or even mentioned whether Dr. Johnson's teaching certificate would remain intact.  *Id.*

Second, the statement made by the Court regarding the certificates was plainly true.  The Court passed no judgment upon whether a counseling certificate may be revoked while leaving a teaching certificate intact.  Rather, the Court simply noted that the *parties* indicated in their joint status report that the *Hearing Officer* recommended that Dr. Johnson's counseling and administrator certificates be revoked but that no action be taken against her teaching certificate. [R. 60 at 4 (emphasis added).]  To that end, no legal or factual error has been made because the parties *did* indicate as much in their joint status report.  [R. 52.]  Furthermore, the parties did not misrepresent this fact either because, upon review, the Hearing Officer *did* make this very recommendation.  [R. 59-2 at 13-14.]  Neither the Court nor the parties have made any factual errors or misrepresentations by merely correctly stating the Hearing Officer's recommendation.

Whether it is actually possible to revoke one's counseling and administrator certificates while leaving a teaching certificate intact was of no concern to this Court in ruling on Dr. Johnson's Motion for Temporary Restraining Order and was not mentioned by the Court in any of its irreparable harm analysis.  Contrary to Dr. Johnson's assertions, the Court did not state or imply that her alleged harm was mitigated by the fact that "no action would be taken against her

4

teaching certificate." [R. 61 at 3.]  The Court's analysis rested entirely on independent grounds, enumerated above.  Consequently, with no error of fact or law to correct, the Court must deny Dr. Johnson's Motion for Reconsideration.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that the Plaintiff's Emergency Motion for Reconsideration **[R. 61]** is **DENIED**.

This the 17th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge