UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

KIMBERLY JOHNSON,                            )
                                             )
          Plaintiff,                         )        Case No. 3:23-cv-00049-GFVT-MAS
                                             )
V.                                           )
                                             )        **MEMORANDUM OPINION**
KENTUCKY DEPARTMENT OF                       )              **&**
EDUCATION, *et al.*,                         )           **ORDER**
                                             )
          Defendants.                        )
                              *** *** *** ***

This matter is before the Court on a collection of motions filed by *pro se* Plaintiff Kimberly Johnson. Dr. Johnson moves the Court for a temporary restraining order, a preliminary injunction, and to lift the stay in this matter. [R. 58; R. 59; R. 68.] Essentially, Dr. Johnson requests that this Court enjoin the Education Professional Standards Board from enforcing an Order against her. Because *Younger* abstention militates against federal court intervention, Dr. Johnson's Motions will be **DENIED**.

**I**

Dr. Kimberly Johnson, proceeding *pro se*, initiated this action on July 19, 2023, against several state government entities and persons associated with those entities in their official and individual capacities. [R. 1.] In her *pro se* Complaint, Dr. Johnson alleged, *inter alia*, that Defendants denied her the right to due process in violation of 42 U.S.C. § 1983, the Fourteenth Amendment, the Kentucky Constitution, and Kentucky law. *Id.* Dr. Johnson claimed that Defendants retaliated against her after she reported discriminatory, unethical, and illegal actions taken by Defendants. *Id.* At the time of these alleged events, she was employed as a school counselor in the Jefferson County Public School District. *Id.*

In her Amended Complaint, Dr. Johnson alleged that she received a letter dated April 8, 2020, notifying her that the Education Professional Standards Board had initiated a review of her professional conduct.  [R. 12 at 4.]  On or around October 18, 2022, Dr. Johnson claims that her EPSB case was referred for an administrative hearing under KRS Chapter 13B.  *Id.* at 6.  Initially, Defendant George Seay was the Hearing Officer designated to hear Dr. Johnson's administrative case.  [R. 1 at 7.]  However, after Dr. Johnson filed this federal lawsuit which named Mr. Seay as a Defendant, Mr. Seay recused from the matter and transferred the case to Jim Howard to conduct the hearing.  [R. 53; R. 54.]

Prior to Dr. Johnson's 13B Hearing, Hearing Officer Howard entered an order scheduling a prehearing conference to occur on September 29, 2023.  Two weeks prior to the conference, Dr. Johnson filed her first motion for preliminary injunction, asking this Court to enjoin the Kentucky Department of Education and EPSB from conducting any meetings or proceedings in her case until further order by the Court.  [R. 16.]  Dr. Johnson chiefly argued that her participation in the hearing would unfairly subject her to questioning and jeopardize her litigation of claims asserted in this action.  [R. 16-1 at 1-2.]  The Court denied her request, finding that Supreme Court precedent, specifically *Younger* abstention, counseled against federal courts enjoining state court proceedings.  [R. 23.]

Then, the Defendants moved to dismiss Dr. Johnson's Amended Complaint, and Dr. Johnson moved for Default Judgment, presumably not realizing that a motion to dismiss functions as a responsive pleading under the Federal Rules of Civil Procedure.  [R. 15; R. 17; R. 18.]  In addressing these motions, this Court found that because Dr. Johnson seeks federal interference with a pending state administrative proceeding, abstention was appropriate.  [R. 38.]  The Court accordingly stayed this action pending resolution of the state administrative

proceeding.  *Id.*  Dr. Johnson appealed this decision, and the Sixth Circuit dismissed her appeal for lack of jurisdiction.  [R. 39; R. 40.]  As such, this action has remained stayed since June 18, 2024.  [R. 38.]

On August 27, 2025, while the state administrative proceedings were still underway, Dr. Johnson filed her first motion to lift the stay, citing conflicts of interest in the proceedings that she claimed amounted to "bad faith."  [R. 42.]  The Court denied her motion, finding that Dr. Johnson's conclusory statements of bias were insufficient to warrant intervention.  [R. 45.]  The Court further directed the parties to file a joint status report detailing the progress of the state administrative proceedings.  *Id.*  The parties filed separate reports that both generally indicated that the proceedings were progressing, and the parties anticipated a final order from the EPSB by April 8, 2026.  [R. 46; R. 47.]

On April 17, 2026, the United States Magistrate Judge assigned to this case, Judge Stinnett, directed the parties to file a joint status report detailing the progress or outcome of the administrative proceedings.  [R. 50.]  The parties complied with this Order and filed a joint status report on April 29, 2026.  [R. 52.]  This status report indicated that on March 16, 2026, Dr. Johnson filed a petition for writ of mandamus in Franklin Circuit Court against Hearing Officer Jim Howard, asserting that the Hearing Officer's recommended order was delinquent and requested that the Franklin Circuit Court compel the Hearing Officer to issue his recommended order.  *Id.* at 2.  The parties further indicated that the Hearing Officer issued his recommended order on April 13, 2026, recommending that Dr. Johnson's counseling and administrator certificates be revoked but that no action be taken against her teaching certificate.  *Id.*

The report noted that both parties filed exceptions to the recommended order on April 28, 2026, and anticipated that the EPSB would review the exceptions and the record before issuing a Final Order within ninety days from April 28, 2026.  *Id.*  Thus, the parties expected that a Final Order will be issued by July 28, 2026.  *Id.*  However, Dr. Johnson's petition for writ of mandamus remains pending in the Franklin Circuit Court.  *Id.*

On June 1, 2026, Dr. Johnson filed a "Notice of Correction to the Joint Status Report." [R. 53.]  Therein, Dr. Jonhson lodged several accusations regarding the April 29 status report, claiming that the Defendants altered several facts, without her consent, in an apparent attempt to mislead this Court.  *Id.*  Chiefly, Dr. Johnson claims that a conflict of interest exists regarding Attorney Jesse Robbins' representation of the original hearing officer, George Seay, in this Court, and the current Hearing Officer, Jim Howard, in Franklin Circuit Court.  *Id.*  On June 1, 2026, the Defendants filed another status report in response to these allegations and provided exhibits which indicate that Dr. Johnson agreed to the April 29 status report prior to its filing.  [R. 54.]  In addressing the alleged conflict of interest, the Defendants noted that Mr. Howard and Mr. Seay are both employees of the Office of the Kentucky Attorney General, as is Attorney Robbins, and expressed confusion as to the alleged conflict.  *Id.*

On June 8, 2026, Dr. Johnson filed a Response to the Defendants' status report, claiming that at the time she agreed to the status report, she was unaware of the conflict because it had not yet fully manifested.  [R. 55.]  Dr. Johnson also noted that she planned to file another motion to lift the stay in this Court.  *Id.* at 5-6.  True to her word, on June 10, 2026, Dr. Johnson filed a motion to lift the stay in this matter, alongside a motion for preliminary injunction and her first motion for a temporary restraining order.  [R. 56; R. 57; R. 58.]

On June 12, 2026, the Court denied Dr. Johnson's Motion for Temporary Restraining Order, finding that *Younger* abstention counselled against interfering in the ongoing state administrative proceedings.  [R. 60 at 6-7.]  Further, the Court found that Dr. Johnson failed to allege any irreparable harm that the Court could remedy.  *Id.* at 7-8.  The Court deferred considering Dr. Johnson's motions for preliminary injunction to lift the stay until those motions were fully briefed.  *Id.* at 9.  Four days later, Dr. Johnson moved for reconsideration of the Court's Order denying her Motion for Temporary Restraining Order, citing a purported "critical error of fact and law embedded in the Court's reasoning regarding irreparable harm."  [R. 61 at 1-2.]  Upon review, the Court found no such error and denied Dr. Johnson's Motion for Reconsideration on June 17, 2026.  [R. 63.]

In the interim since the Court entered its last Order, the EPSB entered its Final Order regarding Dr. Johnson's administrative proceeding.  [R. 69-1.]  After reviewing the Recommended Order and the Exceptions filed by the parties, the EPSB permanently revoked Dr. Johnson's School Counselor and Principal Certificates.  *Id.* at 39.  Additionally, the EPSB suspended Dr. Johnson's remaining educator certificates for ninety days and required her to complete further training and evaluation prior to reinstatement of those certificates.  *Id.* at 40.  Dr. Johnson now asks this Court to enjoin the EPSB from enforcing its Final Order.  [R. 59; R. 68.]  Dr. Johnson requests relief in the form of a temporary restraining order and a preliminary injunction.  *Id.*  Further, Dr. Johnson requests that the Court lift the stay imposed in this matter and allow the federal litigation to proceed.  [R. 59.]  The Defendants oppose all of Dr. Johnson's motions.  [R. 64; R. 65; R. 66; R. 67; R. 70.]  All three motions have now been fully briefed and thus are ripe for review.

**II**

Federal Rule of Civil Procedure 65 governs the issuance of both temporary restraining orders and preliminary injunctions.  In determining whether to grant a temporary restraining order, the Court considers the same four factors applicable to a motion for preliminary injunction:  (1) the movant's likelihood of success on the merits; (2) whether the movant "would likely be permanently harmed absent the injunction; (3) whether the injunction would cause substantial harm to third parties; and (4) whether the injunction would serve the public interest."  *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)).

However, before reaching the merits of Dr. Johnson's motions, the Court must consider whether *Younger* abstention counsels against federal intervention with the state proceedings.  *See Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 605 (6th Cir. 2007) (quoting *Younger v. Harris*, 401 U.S. 37, 41 (1971) ("The *Younger* abstention doctrine prevents federal courts from 'stay[ing] or enjoin[ing] pending state court proceedings except under special circumstances.'").  Thus, the threshold inquiry of all three of Dr. Johnson's motions is whether *Younger* abstention remains appropriate in this case.

**A**

*Younger* applies when (1) there is an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Kingsley v. Brundige*, 513 F. App'x 492, 493 (6th Cir. 2013).  As noted above, the Court previously abstained from this action pursuant to *Younger* abstention, and has continued to reinforce that abstention, pending the conclusion of the state administrative proceedings.  [R. 23; R. 38; R. 45; R. 60.]  When Dr. Johnson filed

6

the instant Motion to Lift the Stay, on June 10, 2026, the EPSB had not yet entered its Final Order.  [R. 59.]  Thus, Dr. Johnson did not dispute that a state proceeding remained ongoing at that time—though she did dispute the validity of those proceedings—and predominantly focused her motion on the exceptions to *Younger* abstention.  *Id.*  Similarly, when the Defendants filed their response in opposition to Dr. Johnson's motion, the Final Order had not yet been issued.  [R. 64; R. 65.]

On July 1, 2026, the EPSB entered its Final Order.  Consequently, Dr. Johnson now contends that there is no longer an ongoing state proceeding, and *Younger* abstention is not warranted.  [R. 71.]  As these arguments were raised in Reply, the Defendants have not had an opportunity to respond.  However, in the Defendants' response to Dr. Johnson's Motion for a Temporary Restraining Order, filed subsequent to the Final Order, the Defendants assert that the availability of an appeals process from the Final Order indicates that the state proceedings remain ongoing, for purposes of *Younger* abstention.  [R. 70 at 1-2.]

As the Court has noted on several prior occasions, *Younger* abstention extends to "ongoing state-initiated civil enforcement proceedings 'that are akin to criminal prosecutions.'" *Drs. Hosp. of Augusta, LLC v. Kentucky*, 2018 WL 1748112, at *3 (E.D. Ky. Apr. 11, 2018) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 517 U.S. 69, 72 (2013)).  Further, the Supreme Court's *Middlesex* factors counsel against the exercise of federal jurisdiction when: (1) state proceedings are pending, (2) the proceedings implicate an important state interest, and (3) the state proceedings afford an adequate opportunity to raise constitutional issues.  *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

In staying this case, the Court determined that Dr. Johnson's Chapter 13B Hearing was of the sort contemplated by *Younger*, as it closely resembled a criminal prosecution.  [R. 38 at

5.]  Further, the Court determined that, at the time, the state proceedings were ongoing, the proceedings implicated important state interests, and Dr. Johnson would have an adequate opportunity to challenge the constitutionality of the proceedings.  *Id.* at 6-9.  Now, with the Final Order issued, the Court must determine whether the proceedings remain ongoing such that *Younger* abstention continues to be warranted.

At its core, *Younger* abstention prevents federal courts from "interfering with the functions of state courts while preserving equity and comity."  *Alexander v. Morgan*, 353 F.Supp.3d 622, 627 (W.D. Ky. 2018) (citing *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017)).  Further, the Supreme Court has stated that, "[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening mid-process would demonstrate a lack of respect for the State as sovereign."  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (6th Cir.1989).  As such, "a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the [state tribunal's] judgment in federal court."  *Id.*  It follows then that "a necessary concomitant of *Younger* is that a party. . .must exhaust his state appellate remedies before seeking relief in the District Court."  *Id.* (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)).

In light of the foregoing, Dr. Johnson's proceedings remain "ongoing" for the purposes of *Younger*.  Pursuant to Kentucky law, "all final orders of an agency shall be subject to judicial review" within thirty days after the final order of the agency.  Ky. Rev. Stat. Ann. 13B.140(1).  As such, with the appeals process comprising part of the "unitary system," *Younger* abstention still counsels against federal intervention at this juncture, even with the Final Order issued.  *New Orleans*, 491 U.S. at 369; see also *Loch v. Watkins*, 337

F.3d 574, 578-79 (6th Cir. 2003) ("[A]ll of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.").  Further, Dr. Johnson represents that her petition for writ of mandamus, which is ancillary to the EPSB proceeding, remains pending in Franklin Circuit Court.  [R. 59 at 2.]  Therefore, the fact of the EPSB Final Order did not terminate all *Younger* concerns, and the first *Middlesex* factor still weighs in favor of abstention, as the proceedings remain "ongoing."

Dr. Johnson's state proceedings also involve a "vital state interest."  *Watts v. Burkhart*, 854 F.2d 839, 846 (6th Cir. 1988).  As this Court has noted previously, the Commonwealth of Kentucky has a strong interest in regulating the licensure and practice of its professionals, generally. *Conrad v. Bevin*, 2018 WL 988071, at *18 (E.D. Ky. Feb. 16, 2018).  Additionally, determining which individuals are permitted to teach in schools is an important state interest. *Watkins v. Ohio Dep't of Educ.*, 2022 WL 672565, at *5 (S.D. Ohio Mar. 7, 2022).  Dr. Johnson's state proceedings implicate both of these important state interests.  As such, the second *Middlesex* factor weighs against the exercise of federal jurisdiction as well.

Finally, Dr. Johnson has an adequate opportunity to challenge the proceedings on constitutional grounds.  All Final Orders by the EPSB are subject to judicial review in Franklin Circuit Court.  Ky. Rev. Stat. Ann. Ch. 13B; Ky. Rev. Stat. Ann. § 161.120(12).  Dr. Johnson does not provide any authority to indicate that the Circuit Court could not hear her Constitutional challenge.  Thus, "it appears that [Dr. Johnson] will be provided a full and fair opportunity to litigate [her] constitutional claims in the course of the state proceedings." *Watts*, 854 F.2d at 847–48.  Even assuming she did not have to opportunity to raise her Constitutional claims in the administrative proceeding, "[t]his fact alone does not [] establish

9

that [Dr. Johnson] will be deprived of an opportunity to present [her] constitutional claims." *Id.* at 848.  Indeed, "it is sufficient . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Dayton Christian Schs., Inc.*, 477 U.S. at 629; see also *Middlesex*, 457 U.S. at 431 ("Minimal respect for the state processes [] precludes any *presumption* that the state courts will not safeguard federal constitutional rights.") (emphasis in original).  The *Middlesex* analysis therefore militates in favor of *Younger* abstention.

**B**

Even where *Younger* counsels against exercising federal jurisdiction, *Younger* provides various exceptions for showings of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. 37, 54 (1971).  Dr. Johnson asserts that "three independent grounds" warrant lifting the stay: (1) no valid state proceeding exists, (2) bad faith, and (3) inadequate forum.  [R. 59 at 3.]  However, none of these grounds support federal intervention, but rather, present grounds that Dr. Johnson may assert in challenging the Final Order, pursuant to the statutorily prescribed appeals process.

As to the first ground, Dr. Johnson posits that the proceedings at issue were "initiated by a fictitious vote, conducted by a hearing officer who was never lawfully assigned, and concluded without the charging document ever entering the evidentiary record." *Id.*  These arguments closely mirror the arguments that Dr. Johnson has raised in the past, which the Court found insufficient to justify intervention.  [R. 42; R. 45.]  If Dr. Johnson's allegations have merit, the Franklin Circuit Court is well-suited to remedy any harm that has occurred.  Should the Franklin Circuit Court uphold EPSB's Final Order, Dr. Johnson may appeal as of right to the Kentucky Court of Appeals.  Ky. Rev. Stat. Ann.  §13B.160.  Further, Dr. Johnson

may seek a stay of enforcement of the order in Franklin Circuit Court.  Ky. Rev. Stat. Ann. §13B.140(4)(c).

Same result as to Dr. Johnson's claims of bad faith.  Conclusory allegations of bad faith are insufficient to warrant the Court lifting the stay.  *Doe*, 860 F.3d at 371.  In fact, the Sixth Circuit has stated that "[c]ommentators have noted that the Supreme Court has applied the "bad faith" exception only to one specific set of facts: where state officials initiate *repeated* prosecutors to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions."  *Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 325 n. 2 (6th Cir. 2001) (citing Erwin Chemerisnky, Federal Jurisdiction § 13.4, at 806-08 (3d ed. 1999)) (emphasis added).  Here, Dr. Johnson's allegations do not come close to clearing this high bar for federal intervention.

To support her claims of bad faith, Dr. Johnson contends that the proceedings were initiated to retaliate against her, that her "right to counsel" has been interfered with, false evidence served as the basis for initiating the proceedings, among other wandering allegations of misconduct.  [R. 59 at 7-12.]  However, "bad faith" for purposes of *Younger* requires more.  Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."  *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).  Whatever defects Dr. Johnson complains of do not demonstrate that the EPSB has initiated proceedings without a reasonable expectation of obtaining a Final Order and enforcing that Order against her.

Further, Dr. Johnson does not explain why this Court needs to intervene and these issues could not be raised on appeal.  State courts "are presumed to 'provide[] the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'"  *Frost v.*

11

*Nessel*, 2025 WL 1136288, at \*6 (6th Cir. Apr. 17, 2025) (quoting *Trainor v. Hernandez*, 431 U.S. 434, 442 n. 7 (1977)).  Dr. Johnson does not call into question the competency of the state court to consider her challenges to the Final Order, and the Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Frost*, 2025 WL 1136288, at \*7 (quoting *Pennzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987)).  As such, Dr. Johnson has not established bad faith sufficient to warrant judicial intervention in the ongoing state proceedings.

Finally, Dr. Johnson contends that the "inadequate forum exception" serves as an exception to *Younger* abstention.  [R. 59 at 12-14.]  Upon review, the Court is not aware of the existence of any such exception, at least by that name.  However, because Dr. Johnson is proceeding *pro se*, the Court liberally construes her pleadings and addresses her arguments to the extent possible.  *See Erickson v. Pardus*, 551 U.S. 89, 94.  Instead of providing an exception to *Younger*, it appears that Dr. Johnson is actually challenging the third *Middlesex* factor—the ability to challenge the proceeding on constitutional grounds—with her "inadequate forum" arguments.  *See Middlesex*, 457 U.S. at 432.

Essentially, Dr. Johnson contends that the EPSB proceedings themselves do not provide an adequate forum to raise her constitutional arguments because those proceedings "were structurally compromised by a conflicted hearing officer, and unrecused board member, post-hearing record manipulation, a required parallel writ proceeding that the Recommended Order failed to resolve, and non-party counsel inference."  [R. 59 at 13-14.]  Again however, even if true, Dr. Johnson does not explain why the Franklin Circuit Court of the Kentucky Court of Appeals could not remedy these alleged defects and violations of her rights.  Thus, Dr. Johnson has not provided any grounds that warrant judicial intervention at this juncture,

12

and the Court will deny her motion to stay, her motion for preliminary injunction, and her motion for temporary restraining order.  [R. 58; R. 59; R. 68.]

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Dr. Kimberly Johnson's Motion for a Temporary Restraining Order **[R. 68]** is **DENIED;**

2. Plaintiff Dr. Kimberly Johnson's Motion for Preliminary Injunction **[R. 58]** is **DENIED**;

3. Plaintiff Dr. Kimberly Johnson's Motion to Lift the Stay **[R. 59]** is **DENIED**; and

4. The parties **SHALL** file a joint status report detailing the progress of the state proceedings **within thirty (30) days** from the entry of this Order.

This the 13th day of July, 2026.

Gregory F. Van Tatenhove
United States District Judge